# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**BENJAMEN W. MURPHY**
Law Office of Ben Murphy
Merrillville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDRE GONZALEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1108-CR-369 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
The Honorable Natalie Bokota, Magistrate
Cause No. 45G02-9606-CF-180

**March 16, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Andre Gonzalez appeals the denial of his petition to remove his sex offender designation pursuant to Ind. Code § 11-8-8-22.  We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On June 2, 1997, Gonzalez pled guilty to Class D felony child solicitation[1] based on his touching of a nine-year-old girl.  On June 26, the trial court sentenced Gonzalez to three years, with eighteen months incarcerated and eighteen months on probation.  On September 15, 1999, Gonzalez was discharged from probation and began registering as a sex offender, which he would be required to do for ten years pursuant to the Sex Offender Registry Act (SORA).  *See* Ind. Code § 5-2-12-5 (1996) (sex offender required to register with local law enforcement for ten years after the date the offender is placed on probation).

Effective July 1, 2006, the legislature modified the statutes regulating SORA in a way that required Gonzalez to register as a sex offender for the rest of his life based on the details of his crime.  In 2010, after ten years of registration, Gonzalez wrote the trial court requesting it remove his registration requirement.  On January 27, 2011, Gonzalez, by counsel, filed a "Verified Petition to Remove Sex Offender Designation Pursuant to Ind. Code 11-8-8-22." (App. at 34.)  The trial court denied the petition on July 22.

## DISCUSSION AND DECISION

Article 1, Section 24 of the Indiana Constitution prohibits *ex post facto* laws, which impose punishment for an act that was not punishable at the time it was committed or which assign additional punishment to an act already punished.  *Flanders v. State*, 955 N.E.2d 732,

---

[1] Ind. Code § 35-42-4-6.

2

748 (Ind. Ct. App. 2011), *reh'g denied*, *trans. denied*. "The underlying purpose of the *Ex Post Facto* Clause is to give effect to the fundamental principle that persons have a right to a fair warning of that conduct which will give rise to criminal penalties." *Jensen v. State*, 905 N.E.2d 384, 389 (Ind. 2009).

On July 1, 2006, our legislature amended the Indiana statutes which regulated SORA to require certain sex offenders to register for life, rather than just ten years. One such category included:

> A sex or violent offender who is convicted of at least one (1) offense under section 5(a)[2] of this chapter that the sex or violent offender committed:
> (1) when the person was at least eighteen (18) years of age; and
> (2) against a victim who was less than twelve (12) years of age at the time of the crime;
> is required to register for life.

Ind. Code § 11-8-8-19(c) (2006) (footnote added). Suddenly, Gonzalez, who was over eighteen years old at the time of his crime and who committed his crime on a victim under twelve years old, qualified for required lifetime registration.

Gonzalez argues this new lifetime registration requirement violates the prohibition against *ex post facto* laws because his crime, when he committed it, required only ten years of registration as a sex offender. We agree.

In *Jensen*, our Indiana Supreme Court used a seven-factor test to determine whether the statutory changes to the registry requirements violate *ex post facto* prohibitions:

> In assessing a statute's effects we are guided by seven factors that are weighed against each other: "[1] Whether the sanction involves an affirmative disability

---

[2] Ind. Code § 11-8-8-5(a) (2006) includes the crime to which Gonzalez pled guilty, Class D felony child solicitation.

or restraint, [2] whether it has historically been regarded as a punishment, [3] whether it comes into play only on a finding of scienter, [4] whether its operation will promote the traditional aims of punishment-retribution and deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose to which it may rationally be connected is assignable for it, and [7] whether it appears excessive in relation to the alternative purpose assigned." *Wallace* [v. State], 905 N.E.2d at 379 (quoting *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 168–69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963)) (alterations in original). No one factor is determinative. "[O]ur task is not simply to count the factors on each side, but to weigh them." *Id.* (quoting *State v. Noble*, 171 Ariz. 171, 829 P.2d 1217, 1224 (1992)).

*Jensen*, 905 N.E.2d at 391. This is the "intent-effects" test. *Id.*

In 2000, when Jensen pled guilty to Class C felony vicarious sexual gratification, Ind. Code § 5-2-12-5 (1996) required him to register as a sex offender for ten years following his release from prison, parole, or probation, whichever came latest. When amended SORA statutes went into effect on July 1, 2006, vicarious sexual gratification had been added to the list of offenses that caused an offender to be classified, as a matter of law, as a sexually violent predator (SVP). *See* Ind. Code § 35-38-1-7.5(b) (2006) (including vicarious sexual gratification as a crime making offender an SVP as a matter of law). In addition, the amendments to Ind. Code § 11-8-8-19(b) required Jensen, as a SVP, to register as a sexually violent predator for life.

Jensen appealed, arguing the lifetime registration requirement violated the prohibition against *ex post facto* laws. The *Jensen* Court ultimately concluded the amendment to Ind. Code § 11-8-8-19(b), as applied to Jensen, was not an *ex post facto* law:

> The court found that there were significant obligations imposed by the registration act. Many of these were already in effect at the time that Jensen committed his offense, but SVPs do have some additional burdens, including informing law enforcement if they will be away from their residence for more

4

than seventy-two hours and registering for life. Therefore, the first factor leaned in favor of finding the act punitive. The court compared the act to the historical punishment of shaming, and therefore found that the second factor also leaned in favor of finding the act punitive. The court found that the act primarily applies to offenses that require a finding of scienter, so the court found that the third factor also leaned in favor of finding the act punitive. The court found that the act promoted the traditional aims of punishment, but this was also true of the versions in effect prior to 2006; therefore, the court concluded that the fourth factor leaned in favor of finding the act non-punitive. Likewise, the act applies only to behavior that is already a crime, but that was true before 2006. Therefore, the court concluded that the fifth factor leaned in favor of finding the act non-punitive. The court found that the act clearly promoted a rational alternative purpose: public safety. Therefore, the court concluded that the sixth factor also leaned in favor of finding the act non-punitive. *Id.* As to the seventh factor, the court stated:

> The "broad and sweeping" disclosure requirements were in place and applied to Jensen at the time of his guilty plea in January 2000. Nothing in that regard was changed by the 2006 amendments. And with regard to lifetime registration, we note that sexually violent predators may, after ten years, "petition the court to consider whether the person should no longer be considered a sexually violent predator." Ind.Code § 35–38–1–7.5(g) (2006).

Thus, the court also concluded that the seventh factor leaned in favor of finding the act non-punitive and noted that this factor is afforded "considerable weight" when applying the seven-factor test. Because four of the seven factors (including the weighty seventh factor) leaned in favor of finding the act non-punitive, the court concluded that it was not an *ex post facto* law.

*Flanders*, 955 N.E.2d at 749-50 (summarizing analysis in *Jensen*) (case citations omitted).

In *Flanders*, a SVP by virtue of his crime and multiple sex offenses, challenged his registration requirement on *ex post facto* grounds because he was unable to petition for removal of the lifetime registration requirement, unlike other SVPs. We concluded the analysis of first six factors of the intent-effects test was the same under the facts presented in both *Jensen* and *Flanders*. However, the seventh factor, "whether [the statute's effect]

5

appears excessive in relation to the alternative purpose assigned," *Jensen*, 905 N.E.2d at 391, tipped the scales. We held the amended SORA statutes as applied to Flanders were *ex post facto* laws because Flanders, unlike Jensen, was unable to petition for a change of status pursuant to Ind. Code § 35-38-1-7.5(g)[3] because Flanders was a repeat sex offender and explicitly excluded from petitioning for a change of status. *See* Ind. Code § 35-38-1-7.5(g) (excluding repeat offenders from petitioning).

Just as in *Flanders*, our analysis of the first six factors of the intent-effects test in the instant case is identical to that in *Jensen*. Thus, we need only consider the seventh factor.

The requirement that Gonzalez register as a sex offender for life is based on his age at the time of the crime and the age of his victim. *See* Ind. Code § 11-8-8-19(c) (assigning lifetime to person over eighteen years old who committed offense on victim under twelve). Unlike *Jensen*, no additional statute allows Gonzalez to petition the court to reassess his

---

[3] Ind. Code § 35-38-1-7.5(g) states:

> This subsection does not apply to a person who has two (2) or more unrelated convictions for an offense described in IC 11-8-8-4.5 for which the person is required to register under IC 11-8-8. A person who is a sexually violent predator may petition the court to consider whether the person should no longer be considered a sexually violent predator. The person may file a petition under this subsection not earlier than ten (10) years after:
>> (1) the sentencing court or juvenile court makes its determination under subsection (e); or
>> (2) the person is released from incarceration or secure detention.
>
> A person may file a petition under this subsection not more than one (1) time per year. A court may dismiss a petition filed under this subsection or conduct a hearing to determine if the person should no longer be considered a sexually violent predator. If the court conducts a hearing, the court shall appoint two (2) psychologists or psychiatrists who have expertise in criminal behavioral disorders to evaluate the person and testify at the hearing. After conducting the hearing and considering the testimony of the two (2) psychologists or psychiatrists, the court shall determine whether the person should no longer be considered a sexually violent predator under subsection (a). If a court finds that the person should no longer be considered a sexually violent predator, the court shall send notice to the department of correction that the person is no longer considered a sexually violent predator.

lifetime registration requirement. Additionally, unlike both *Flanders* and *Jensen*, whose lifetime registration requirements arose by virtue of their status as SVPs pursuant to Ind. Code § 35-38-1-7.5(b), which statute provides an annual review mechanism, Gonzalez is not an SVP; rather, his lifetime registration arose under Ind. Code § 11-8-8-19(c), which does not classify him as an SVP or provide a mechanism by which he could petition the court for removal of that requirement.[4] Therefore, the seventh factor of the intent-effects test indicates Ind. Code § 11-8-8-19(c) is an unconstitutional *ex post facto* law as applied to Gonzalez because the imposition of the requirement without recourse tips the test toward the change in law being punitive.

We therefore must reverse the denial of Gonzalez's petition to remove the lifetime SORA registration requirement and remand for removal of the lifetime registration requirement.

Reversed and remanded.

CRONE, J., and BROWN, J., concur.

---

[4] In *Flanders*, we were able to remedy the *ex post facto* violation by striking as unconstitutional the first sentence of Ind. Code § 35-38-1-7.5(g). *Flanders*, 955 N.E.2d at 753. In order to remedy the *ex post facto* violation here, we would need to write new language into one of the SORA related statutes, which we are not permitted to do. *See Citizens Action Coalition of Indiana, Inc. v. Public Service Commission*, 425 N.E.2d 178, 183 (Ind. Ct. App. 1981) (court may not frustrate expressed intent of Legislature by adding new language to a statute), *reh'g denied*.