**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANTS
BERNARD CARTER AND
INDIANA DEPARTMENT OF
CORRECTION:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**CURTIS P. VOSTI**
Office of James E. Foster, P.C.
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BERNARD CARTER, Prosecuting Attorney, Lake County, JOHN BUNCICH, Sheriff of Lake County,[1] and INDIANA DEPARTMENT OF CORRECTION, | ) ) ) ) ) | |
| Appellants-Defendants, | ) ) | |
| vs. | ) ) | No. 45A04-1206-PL-302 |
| TIM J. HURD, | ) ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable William E. Davis, Judge
Cause No. 45D05-0912-PL-105

**January 31, 2013**

---

[1] The sheriff has not participated in this appeal; however, a party of record in the trial court is a party on appeal. Ind. Appellate Rule 17(A).

**CRONE, Judge**

## Case Summary

In 1995, Tim J. Hurd committed child molesting, to which he pled guilty, and he was initially required to register as a sex offender for ten years. A 2001 amendment to the Sex Offender Registration Act ("SORA") imposed a lifetime registration requirement due to Hurd's age and the age of his victim. After his initial ten-year reporting period was completed, Hurd filed a petition alleging that SORA was unconstitutional as applied to him and seeking an order enjoining the Department of Correction ("DOC"), the Lake County Sheriff, and the Lake County Prosecutor from requiring him to continue registering. The trial court granted the injunction, and the DOC and the prosecutor now appeal. Finding the facts of this case similar to *Gonzalez v. State*, No. 45S03-1206-CR-307, 2013 WL 124266 (Ind. Jan. 10, 2013), we affirm.

## Facts and Procedural History

On January 15, 1995, Hurd committed child molesting as a class C felony. Hurd pled guilty, and on June 20, 1996, he was sentenced to three years suspended to probation. Hurd was satisfactorily discharged from probation on June 22, 1999. At that time, he began registering as a sex offender.

In 1995, when Hurd committed his offense, all sex offenders had a ten-year reporting requirement. *See* Ind. Code § 5-2-12-5(b) (1995). Subsequent amendments to SORA created a lifetime or indefinite reporting period for certain offenders. A 2001 amendment required

2

offenders to register for life if they were over eighteen and the victim was under twelve.  Ind. Code § 5-2-12-13(c) (2001) (currently codified at Ind. Code § 11-8-8-19(c)).  This provision applies to Hurd.

On December 14, 2009, Hurd filed a complaint against the Lake County Sheriff and Prosecutor in which he requested an injunction against any further requirement to register as a sex offender.  On March 9, 2010, he filed an amended complaint which also named the DOC as a defendant.

On May 3, 2012, a bench trial was held.  Much of the evidence was entered by stipulation.  On May 14, 2012, the trial court issued an order finding that as applied to Hurd, the lifetime reporting requirement was an ex post facto law in violation of the Indiana Constitution.  The court therefore issued the following injunction:

> The Indiana Department of Correction[ ], the Lake County Sheriff, the Lake County Sheriff's Department are permanently restrained from requiring Timothy Hurd to follow the reporting provision of I.C. 11-8-8-19(c)(i), as well as interfering with his residence [at a home that he has owned since 1978].

Appellant's App. at 60.  The Lake County Prosecutor and the DOC have appealed this order.

**Discussion and Decision**

Article 1, Section 24 of the Indiana Constitution prohibits ex post facto laws, which impose punishment for an act that was not punishable at the time it was committed or which assign additional punishment to an act already punished.  *Flanders v. State*, 955 N.E.2d 732, 748 (Ind. Ct. App. 2011).  Our supreme court has adopted a seven-factor test for determining whether a law is an unconstitutional ex post facto law:  (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as punishment;

3

(3) whether it comes into play only on a finding of scienter; (4) whether it promotes the traditional aims of punishment – retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether it has a rational alternative purpose; and (7) whether it is excessive in relation to the alternative purpose. *Jensen v. State*, 905 N.E.2d 384, 391 (Ind. 2009).

Our supreme court recently ruled on an ex post facto challenge to Indiana Code Section 11-8-8-19(c) in *Gonzalez v. State*, No. 45S03-1206-CR-307, 2013 WL 124266 (Ind. Jan. 10, 2013). Gonzalez pled guilty to class D felony child solicitation in 1997. Gonzalez was discharged from probation in 1999 and began registering as a sex offender. At the time, he had a ten-year registration requirement, but the 2001 amendments to SORA imposed a lifetime registration requirement because Gonzalez was over the age of eighteen and his victim was under the age of twelve at the time of the offense. Ind. Code § 5-2-12-13(c) (2001) (currently codified at Ind. Code § 11-8-8-19(c)).[2] After he had completed ten years of registration, Gonzalez filed a "Verified Petition to Remove Sex Offender Designation Pursuant to Ind. Code 11-8-8-22." *Gonzalez* at *1. The trial court denied the petition, and we reversed. The State then sought transfer, which our supreme court granted. After analyzing the seven factors, our supreme court determined that Indiana Code Section 11-8-8-19(c) was an ex post facto law as applied to Gonzalez.

---

[2] *Gonzalez* mistakenly states that this amendment occurred in 2006 rather than 2001. This amendment was made by Public Law Number 238-2001, Section 13. At that time, SORA was codified in Title 5. In 2006, SORA was recodified in Title 11. West's Annotated Indiana Code shows that Indiana Code Section 11-8-8-19 was added by Public Law Number 140-2006, Section 13, but does not cross-reference the section where it had previously been codified.

*Gonzalez* is essentially similar to the case before us. The first factor is whether the sanction involves an affirmative disability or restraint. *Gonzalez* at *3. Like Gonzalez, Hurd was already subject to significant affirmative obligations before the 2001 amendment; however, our supreme court held that "an increase to a lifetime registration requirement [is] a particularly important additional restraint which leans in favor of treating the Act as punitive." *Id.*

The second factor is whether the sanction has historically been regarded as a punishment. *Id.* Our supreme court held that SORA resembles the historical punishment of shaming and that by "extending the duration of the registration requirement from ten years to life, the Act has the effect of increasing shame on the defendant, which weighs in favor of punitive treatment." *Id.* The same is true in Hurd's case.

The third factor is whether the statute comes into play only on a finding of scienter. *Id.* For Gonzalez, the triggering offense was child solicitation, which requires a showing of mens rea. Therefore, our supreme court concluded that this factor also weighed in favor of treating SORA as punitive. *Id.* Hurd's triggering offense, child molestation, also requires a showing of mens rea. *See* Ind. Code § 35-42-4-3(b) (act must be committed "with intent to arouse or to satisfy the sexual desires of either the child or the older person").

The fourth factor is whether the statute's operation will promote the traditional aims of punishment: retribution and deterrence. *Gonzalez* at *4. While acknowledging that SORA likely has a deterrent effect, our supreme court held that it also "serves a valid regulatory function by providing the public with information related to community safety."

5

*Id*. Therefore, the court found this factor to be non-punitive. *Id*. The same reasoning applies to Hurd's case.

The fifth factor is whether the behavior to which the statute applies is already a crime. *Id*. Although registration was triggered by Gonzalez's criminal offense, that was true before the 2001 amendment. *Id*. Therefore, the court found this factor to be non-punitive as applied to Gonzalez. *Id*. The same reasoning applies to Hurd's case.

The sixth factor is whether the statute can be rationally connected to an alternative purpose. The *Gonzalez* court found that SORA advances "the legitimate regulatory purpose of protecting the public from repeat sexual crime offenders" and therefore treated this factor as non-punitive. *Id*. The same reasoning applies to Hurd's case.

The seventh and final factor is whether the statute appears excessive in relation to the alternative purpose assigned. *Id*. at *4. The court compared Gonzalez's case to *Jensen* and *Lemmon v. Harris*, 949 N.E.2d 803 (Ind. 2011). Harris and Jensen were sex offenders who originally had a ten-year registration requirement that was extended to a lifetime registration requirement due to their designation as sexually violent predators ("SVP"). In finding no ex post facto violation, both *Harris* and *Jensen* emphasized the fact that the offenders could petition the court to change their SVP status pursuant to Indiana Code Section 35-38-1-7.5. *Jensen*, 905 N.E.2d at 749-50; *Harris*, 949 N.E.2d at 812-13. Because Gonzalez is not an SVP, the individualized review mechanism provided by Indiana Code Section 35-38-1-7.5 does not apply.

The State contended "that a distinction must be made between an SVP whose registration requirement is based on his or her mental state and someone in the defendant's position whose increased registration requirement is based on facts admitted by him … that do not change with the passage of time, or with rehabilitation." *Gonzalez* at \*6 (internal quotation omitted). The court rejected this argument. The seventh factor considers "whether the retroactive application appears excessive *in relation to the alternative purpose assigned*," that is, public safety. *Id*. Therefore, the court determined that the "degree to which a prior offender has been rehabilitated and does not present a risk to the public is … integral to our evaluation of whether an extension of the ten-year registration requirement is reasonable in relation to such public protection." *Id*. The court concluded that the seventh factor weighed in favor of treating the enhanced registration period as punitive. *Id*. Like Gonzalez, Hurd is not an SVP and cannot avail himself of Indiana Code Section 35-38-1-7.5.

Ultimately, our supreme court found that the collective weight of the factors indicated that the 2001 amendment was an ex post facto law in violation of the Indiana Constitution as applied to Gonzalez. *Id*. As Hurd's case is nearly identical to Gonzalez's, we likewise conclude that this amendment is unconstitutional as applied to Hurd. We therefore affirm the judgment of the trial court.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.