## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 24 2016, 8:38 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Timothy P. Broden | Gregory F. Zoeller |
| State of Indiana | Attorney General of Indiana |
| | |
| | Tyler G. Banks |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew A. Cornell, | May 24, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 79A05-1510-CR-1649 |
| v. | Appeal from the Tippecanoe Superior Court |
| State of Indiana, | The Honorable Randy J. Williams, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 79D01-1504-F5-24 |

**Najam, Judge.**

# Statement of the Case

Matthew Cornell appeals his sentence following his conviction for failure to register as a sex offender, as a Level 5 felony, and his adjudication as a habitual offender pursuant to a guilty plea. He presents two issues for our review, but because his first issue is moot,[1] we address a single issue, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

In 2000, Cornell was convicted of two counts of sexual misconduct with a minor, as Class B felonies. After serving his sentence for those convictions, Cornell was required to register as a sex offender pursuant to Indiana Code Section 11-8-8-19. From January 12, 2015, to March 31, 2015, Cornell registered with the Tippecanoe County Sheriff's Department as homeless, when, in fact, he was residing with Billie Jo Martin in Lafayette. Accordingly, on April 9, Cornell was arrested, and, on April 15, the State charged Cornell with two counts of failure to register as a sex offender and with being a habitual offender.

---

[1] Cornell also contends that the trial court erred when it revoked his bond prior to trial. The State responds, and we agree, that, now that Cornell has been convicted and sentenced, that issue is moot. *See, e.g.*, *Partlow v. State*, 453 N.E.2d 259, 274 (Ind. 1983). Cornell does not assert on appeal that any exception to the mootness doctrine applies here.

[3]     At an initial hearing, the trial court set Cornell's bond in the amount of $15,000 surety and $1,500 cash. Cornell did not post bond. While he was in jail on April 26, he made two phone calls to Martin in violation of a no-contact order. Accordingly, the State charged Cornell with invasion of privacy and filed a petition to revoke Cornell's bond. The trial court granted the motion to revoke the bond. On August 12, Cornell pleaded guilty to failure to register as a sex offender, as a Level 5 felony,[2] and he admitted to being a habitual offender. The trial court entered judgment accordingly and sentenced Cornell to six years for failure to register as a sex offender, as a Level 5 felony, and an additional two years for being a habitual offender, for an aggregate term of eight years.[3] This appeal ensued.

## Discussion and Decision

[4]     Cornell contends that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under Rule

---

[2] In the guilty plea order, the trial court stated that the second count, failure to register as a sex offender, as a Level 6 felony, "merged" with the Level 5 count. Appellant's App. at 15-16. Accordingly, the trial court entered judgment only on the Level 5 count.

[3] The trial court ordered that Cornell "shall execute seven (7) years at the Indiana Department of Correction" and serve the remaining one year in community corrections on house arrest. Appellant's App. at 9.

7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. *See* Ind. Appellate Rule 7(B); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." *Roush*, 875 N.E.2d at 812 (alteration original).

[5] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[6] Cornell first contends that the nature of the offense does not support an enhanced sentence. Cornell states that he "had not absconded, [and] he regularly registered with the Sheriff's Department[,] albeit as 'homeless' and not at the address where he was staying." Appellant's Br. at 8. Further, Cornell asserts that "it is unclear that [his] status as a sex offender would have precluded his registering" at Martin's address. *Id.* But, as the State correctly

points out, the sex offender registry "'serves a valid regulatory function by providing the public with information related to community safety.'" Appellee's Br. at 13 (quoting *Gonzalez v. State*, 980 N.E.2d 312, 318 (Ind. 2013)). Because Cornell was dishonest with law enforcement about his residence for more than two months, he thwarted this important goal of the sex offender registry law. We cannot say that Cornell's sentence is inappropriate in light of the nature of the offense.

[7]     Next, Cornell contends that his character warrants a revised sentence. In particular, while Cornell acknowledges his "significant criminal history and that the instant offense is repetitive in nature—this being [his] fourth conviction for the offense of failure to register," he maintains that "these aggravating factors are somewhat subsumed in the habitual offender enhancement[.]" Appellant's Br. at 8. Cornell also points out that he pleaded guilty without the benefit of a plea agreement. And Cornell states that he was "essentially abandoned by his parents in his early teens and placed in a group home until the age of eighteen" and suffers from depression. *Id.* at 9.

[8]     However, the State points out that, over the course of twenty years, Cornell "has at least five prior felony convictions, four misdemeanor convictions, and [he] previously had five petitions to revoke his probation filed—three of which were granted." Appellee's Br. at 14. Further, as Cornell acknowledges, he has repeatedly failed to comply with the sex offender registry statute. The length and substance of Cornell's criminal history reflect a poor character. While we

acknowledge the hardships that Cornell has faced in his life, we cannot say that his sentence is inappropriate in light of his character.

[9] Affirmed.

Robb, J., and Crone, J., concur.