## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 29 2019, 6:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

**APPELLANT PRO SE**

Donald R. Clark, III
Pendleton, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald R. Clark, III,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

August 29, 2019

Court of Appeals Case No.
18A-MI-3097

Appeal from the
Madison Circuit Court

The Honorable
Mark Dudley, Judge

Trial Court Cause No.
48C06-1810-MI-877

**Vaidik, Chief Judge.**

# Case Summary

[1] Donald R. Clark III appeals the trial court's denial of his petition to remove his name from the sex-offender registry, arguing that the requirement that he register for life as opposed to ten years constitutes ex post facto punishment. We affirm the trial court.

# Facts and Procedural History

[2] In September 1997, Clark was charged with Class B felony rape and Class B felony child molesting. *See* Cause No. 82C01-9709-CF-930. Thereafter, Clark pled guilty to Class B felony rape. In March 1998, the trial court sentenced him to six years in the Department of Correction. According to the Indiana Sex Offender Registration Act ("the Act") then in effect, Clark was required to register as a sex offender for ten years upon his release from incarceration. *See* Appellant's App. Vol. II pp. 21-23, 43. Clark was released from incarceration in March 2000. Thereafter, it appears that Clark registered as a sex offender.

[3] In 2007, the Act was amended. *See Lemmon v. Harris*, 949 N.E.2d 803, 806-07 (Ind. 2011). According to one of the amendments, a defendant is considered a sexually violent predator (SVP) by operation of law if the defendant commits a qualifying offense (which includes rape) and is released from incarceration, probation, or parole for the offense after June 30, 1994. *See* Ind. Code 35-38-1-7.5(b)(1)(A). SVPs are required to register for life. *See* Ind. Code § 11-8-8-19(b). In January 2009, shortly before Clark's ten-year registration period was set to

expire, the DOC notified him that he had to register for life. Appellant's App. Vol. II p. 44.

[4] It's unclear what happened in the following years, but in February 2016 Clark was convicted of Level 3 felony robbery and sentenced to six years in the DOC. *See* Cause No. 82C01-1511-F3-6919. According to the DOC's Offender Search database, Clark's earliest release date for this offense is September 25, 2019.

[5] In October 2018, while incarcerated for the robbery conviction, Clark filed a pro se petition to remove his name from the sex-offender registry pursuant to Indiana Code section 11-8-8-22, arguing that requiring him to register for life as opposed to ten years constitutes ex post facto punishment. The State responded that Clark's petition was not ripe because he was incarcerated for robbery and therefore was "not required to register as a sex offender at this time." Appellant's App. Vol. II p. 34; *see* Ind. Code § 11-8-8-19(a) ("The registration period is tolled during any period that the sex or violent offender is incarcerated. The registration period does not restart if the offender is convicted of a subsequent offense."). The trial court denied Clark's petition. A couple months later, the DOC notified Clark that he would have to register for "Life" as a "Sexually Violent Predator." Appellant's App. Vol. II p. 46.

[6] Clark, pro se, now appeals.

# Discussion and Decision

[7]   Clark contends that the trial court erred in denying his petition to remove his name from the sex-offender registry because requiring him to register for life—when the requirement was only ten years when he committed the offense—violates the Ex Post Facto Clause of the Indiana Constitution. The Indiana Constitution provides that "[n]o ex post facto law . . . shall ever be passed." Ind. Const. art. 1, § 24. In general, the Ex Post Facto Clause forbids laws imposing punishment for an act that was not otherwise punishable at the time it was committed or imposing additional punishment for an act then proscribed. *Harris*, 949 N.E.2d at 809.

[8]   The State responds that the trial court properly denied Clark's petition because it is not ripe, as Clark "is incarcerated and not required to register at this time." Appellee's Br. p. 11. In the alternative, the State argues that the Indiana Supreme Court's decision in *Harris* "forecloses Clark's ex post facto claim." *Id.* at 13.

[9]   Even assuming that Clark's petition is ripe, we agree with the State that Clark is not entitled to relief. In *Harris*, our Supreme Court held that the 2007 amendment creating the SVP-by-operation-of-law classification was not an ex post facto law as applied to a sex offender who had committed his offense in 1997, even though the amendment increased his registration period from ten years to life overnight. The Court reasoned that requiring the defendant to register for life as an SVP by operation of law was not punitive because there is

a statutory procedure that allows him to petition the court ten years after his release from prison to determine whether he should still be considered an SVP. *Harris*, 949 N.E.2d at 810-13; *see* Ind. Code § 35-38-1-7.5(g) ("A person who is a sexually violent predator may petition the court to consider whether the person should no longer be considered a sexually violent predator. The person may file a petition under this subsection not earlier than ten (10) years after: (1) the sentencing court or juvenile court makes its determination under subsection (e); or (2) the person is released from incarceration or secure detention.").

[10] Although *Harris* is directly on point, Clark does not address it either in his opening brief or in his reply brief. Like the defendant in *Harris*, Clark can petition the trial court to determine whether he should still be considered an SVP pursuant to Indiana Code section 35-38-1-7.5(g). Because *Harris* controls this case, we affirm the trial court's denial of Clark's petition to remove his name from the sex-offender registry.[1]

[11] Affirmed.

Riley, J., and Bradford, J., concur.

---

[1] Although Clark does not address *Harris*, he does cite our Supreme Court's decision in *Gonzalez v. State*, 980 N.E.2d 312 (Ind. 2013) (holding that the retroactive imposition of a lifetime-registration period violated the Ex Post Facto Clause). But *Gonzalez* is different from this case, as the defendant in *Gonzalez* was not an SVP and had to register for life under a different statute. *Id.* at 319-20 (distinguishing the defendant in *Gonzalez* from the defendant in *Harris*). Here, Clark claims that he will have to register for life as an SVP. Accordingly, *Harris*, not *Gonzalez*, controls.