Frederick R. **LUCAS**, Appellant–Petitioner,

v.

Darrin **McDONALD**, in his official capacity as Prosecuting Attorney for Pike County, Appellee–Respondent.

No. 63A04–1010–PL–644.

Court of Appeals of Indiana.

Sept. 15, 2011.

John P. Brinson, Evansville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issue

Frederick Lucas appeals the trial court's denial of his Verified Petition for Relief from his lifetime sex offender registration requirement. He presents one issue for our review, which we restate as whether the trial court abused its discretion in denying his petition. Concluding the trial court did not abuse its discretion, we affirm.

### Facts and Procedural History

In December of 2000, Lucas, who was originally charged with rape as a Class B felony, pleaded guilty to sexual battery as a Class D felony. He was approximately seventy years old at the time. Lucas was sentenced to three years of home detention and ordered to pay $687 in restitution to the victim, J.M., and to have no contact with her. Pursuant to then-existing Indiana law, he was also required to register as a sex offender for his entire lifetime. In August of 2001, Lucas's sentence was modified; he was removed from home detention and placed on probation. Lucas registered as a sex offender in January of 2002, and in May of 2003 he successfully completed his probation requirements.

In 2007, Indiana Code section 11–8–8–19, which provides registration requirements for sex offenders, was amended to exclude offenders convicted of sexual battery as a Class D felony from a subsection otherwise requiring lifetime registration. The section previously said "(d) A sex offender who is convicted of at least one (1) sex offense in which the sex offender: ... (2) used force or the threat of force against the victim or a member of the victim's family, ... is required to register for life." Ind.Code § 11–8–8–19 (2006). The section was amended to say "(d) A sex or violent offender who is convicted of at least one (1) offense under section 5(a) of this chapter in which the sex offender: ... (2) used force or the threat of force against the victim or a member of the victim's family, unless the offense is sexual battery as a Class D felony; ... is required to register for life." Ind.Code § 11–8–8–19 (2007).[1] Pursuant to this exception, offenders convicted of sexual battery as a Class D felony are now only required to register for a period of ten years.

Noting the amendment to section 11–8–8–19, Lucas filed a Verified Petition for Relief from the lifetime registration requirement pursuant to Indiana Code section 11–8–8–22, which was added to the chapter during the 2007 legislative session to accompany the various changes throughout the chapter. In pertinent part, this section provides:

> (b) Subsection (g) applies to an offender required to register under this chapter if, due to a change in federal or state law after June 30, 2007, an individual who engaged in the same conduct as the offender:
>
> (1) would not be required to register under this chapter; or

---

1. Indiana Code section 11–8–8–19 was also amended in 2008, but said amendments are irrelevant here.

(2) would be required to register under this chapter but under less restrictive conditions than the offender is required to meet.

(c) A person to whom this section applies may petition a court to:

(1) remove the person's designation as an offender; or

(2) require the person to register under less restrictive conditions.

* * *

(g) A court may grant a petition under this section if, following a hearing, the court makes the following findings:

(1) The law requiring the petitioner to register as an offender has changed since the date on which the petitioner was initially required to register.

(2) If the petitioner who was required to register as an offender before the change in law engaged in the same conduct after the change in law occurred, the petitioner would:

(A) not be required to register as an offender; or

(B) be required to register as an offender, but under less restrictive conditions.

(3) If the petitioner seeks relief under this section because a change in law makes a previously unavailable defense available to the petitioner, that the petitioner has proved the defense.

The court has the discretion to deny a petition under this section, even if the court makes the findings under this subsection.

* * *

Ind.Code § 11-8-8-22. Lucas's petition set forth all the necessary elements for a successful petition pursuant to the above statute, as well as the following facts: Lucas had not been arrested for any sex offense, had not failed to register subsequent to his sexual offense, had no other criminal record, and was well over seventy years old. A hearing was held regarding Lucas's petition, at which the State called J.M. as a witness. She stated her opposition to Lucas's petition and her belief that even if Lucas's continued registration would not benefit her, it may protect others. She also testified part of the reason she agreed with the State's plea agreement with Lucas was that she understood he would be required to register as a sex offender for his entire life. The trial court denied Lucas's petition on September 20, 2010, without issuing findings of fact or conclusions of law, stating in its order that "the Court now, pursuant to I.C. 11-8-8-22(g)(3), denies [Lucas's] Petition. . . ." Appellant's Appendix at 4. Lucas now appeals the trial court's denial of his Verified Petition for Relief. Additional facts will be provided as necessary.

### Discussion and Decision

### I. Standard of Review

We review the trial court's denial of Lucas's Verified Petition for Relief for an abuse of discretion. Ind.Code § 11-8-8-22(g). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and inferences supporting the petition for relief. *Reeves v. State*, 938 N.E.2d 10, 14 (Ind.Ct.App. 2010). The burden is on the movant to demonstrate that relief is necessary and just. *G.B. v. State*, 715 N.E.2d 951, 953 (Ind.Ct.App.1999).

### II. Denial of Lucas's Verified Petition for Relief

Lucas implies that the trial court's decision was not well-reasoned due to its lack of findings of fact and conclusions of law, and that if the trial court had laid out the evidence supporting Lucas's petition it would have realized granting the petition would be the only fair and equitable outcome. Indiana Code section 11-8-8-22 does not require findings of fact upon a trial court's denial of a petition for relief

under that section. In order to grant a petition the section requires certain findings pursuant to subsection (g), but none are required for a denial. Further, here the facts are not in dispute.

Indiana Code section 11–8–8–22(g) expressly provides the trial court "has the discretion to deny a petition under this section, even if the court makes the findings under [subsection (g)]." Lucas repeatedly rests his argument on the fact that he is eligible for relief under the relevant statute because he proved the requisite findings, along with the facts that he has no other criminal record, has complied with registration requirements, and has not bothered the victim since his offense. For us to conclude that the trial court abused its discretion because Lucas meets all the required findings for relief would be to ignore subsection (g)'s express discretionary language that applies even when a petitioner has shown all necessary findings. Although Lucas presented evidence to support his petition for relief in addition to evidence showing the necessary findings in the statutory section, the State also presented evidence while arguing for denial of the petition, including the victim's previous reliance upon Lucas's lifetime registration requirement when agreeing with the prosecution to offer him a plea agreement that would convict him of a lesser crime and the victim's belief that his continued registration may protect others. Lucas has not met his burden of proving the trial court's decision is against the logic and effect of all the facts and circumstances.

Lucas next argues the trial court abused its discretion because it misinterpreted the law. This argument arises from the trial court's order, which states that "pursuant to I.C. 11–8–8–22(g)(3)," the trial court denies Lucas's petition. The specific citation given was not raised by Lucas as a ground for relief in his petition for relief

nor argued at his hearing. Lucas argues the trial court incorrectly interpreted subsection (g) to require that Lucas show all three avenues under subsection (g) to grant his petition. We agree that this would be an incorrect interpretation of subsection (g); however, we conclude the circumstances demonstrate that the order exhibits an incorrect citation rather than a misinterpretation of the statute. To begin with, the sentence in subsection (g) which provides for the trial court's discretion to deny a petition is physically located below subparagraph (3), and, although it is meant to be independent of (3), the sentence does not have its own letter or number to identify it. It is understandable that this could be cited as (g)(3) rather than simply (g). Further, the Order says "the Court now, pursuant to I.C. 11–8–8–22(g)(3), denies the defendant's Petition...." This language undeniably shows the trial court was relying upon the provision of (g) granting it the discretion to deny a petition under section 11–8–8–22. Last, there was no discussion or argument in the pleadings or at the hearing that would lead us to believe the trial court misinterpreted the statute as Lucas alleges.

For the reasons stated above, we conclude the trial court did not abuse its discretion in denying Lucas's Verified Petition for Relief.

### Conclusion

The trial court did not abuse its discretion in denying Lucas's Verified Petition for Relief from his lifetime sex offender registration requirement. We therefore affirm the trial court's judgment.

Affirmed.

BARNES, J., and BRADFORD, J., concur.