# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**DAVID S. HEALEY**
New Castle, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana



FILED

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID S. HEALEY,                        )
                                        )
    Appellant-Petitioner,           )
                                        )
        vs.                     )       No. 33A04-1202-MI-107
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Respondent.            )

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Mary G. Willis, Judge
Cause No. 33C01-1111-MI-61

**March 4, 2013**

**OPINION ON PETITION FOR REHEARING - FOR PUBLICATION**

**SULLIVAN, Senior Judge**

David S. Healey petitions for rehearing of our memorandum decision in Healey v. State (Healey II), No. 33A04-1202-MI-107 (Ind. Ct. App. Nov. 29, 2012). We grant his petition, reverse the judgment of the trial court, and remand.

As noted in our original memorandum decision, Healey seeks review of the trial court's denial of his Verified Petition to Remove Designation as an Offender, claiming that the State's requirement that he register as a sex offender for ten years constitutes an ex post facto punishment in violation of the Indiana Constitution. In Healey II, we noted that Healey's ex post facto claim was identical to his ex post facto claim from a prior appeal, Healey v. State (Healey I), 969 N.E.2d 607 (Ind. Ct. App. 2012), trans. denied. Consequently, this Court followed the ex post facto analysis set forth in Healey I and concluded that the trial court did not err by denying Healey's Verified Petition.

In his Petition for Rehearing, Healey argues that this Court should have considered that the requirement for him to register as a sex offender for ten years was imposed upon him by law without an opportunity to seek judicial review as to his future dangerousness or complete rehabilitation. Healey asserts that when this lack of judicial review is considered in the context of the "intent-effects" test set forth in Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), his ten-year registration requirement is an ex post facto punishment.

We turn for guidance to our Supreme Court's recent opinion in Gonzalez v. State, 980 N.E.2d 312 (Ind. 2013). In that case, Gonzalez pleaded guilty to child solicitation in 1997. Upon discharge from probation, Gonzalez was required to register as a sex offender for ten years pursuant to the Indiana Sex Offender Registration Act ("SORA").

2

Subsequently, during the ten-year registration period, the General Assembly amended SORA to require convicted sex offenders such as Gonzalez to register for life.

Gonzalez filed a request to end his obligation to register for life as a sex offender. The trial court denied the petition, and a panel of this Court reversed. Our Supreme Court granted transfer of the case. The Court noted that under the "intent-effects" analysis, a court must first "determine what type of scheme the legislature intended to establish." Id. at 316. If the legislature intended to impose punishment, then an ex post facto violation must be found. If, however, the legislature intended to serve a regulatory or civil goal, then the court must "determine whether the effects of the statute are so punitive as to transform the regulatory scheme into a criminal penalty" regardless of legislative intent. Id.

Our Supreme Court determined that the amendments to SORA were presumptively constitutional, and Gonzalez had failed to put forth evidence of a punitive intent by the General Assembly. Consequently, the Court moved to the second part of the analysis, the effects of the extended registration period upon Gonzalez. The Court considered the seven factors set forth in Mendoza-Martinez: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment—retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. Boss v.

3

State, 944 N.E.2d 16, 23 (Ind. Ct. App. 2011) (quoting Mendoza-Martinez, 372 U.S. at 168-69).

In Gonzalez's case, the Court determined: (1) increasing Gonzalez's registration period from ten years to life was an affirmative disability or restraint; (2) extending the duration of Gonzalez's registration period is a sanction historically regarded as punishment; (3) the registration requirement only comes into play after a finding of scienter, specifically the mens rea to commit one of the crimes that causes a defendant to be subjected to SORA; (4) Gonzalez's extended registration period did not serve aims of retribution and deterrence; (5) Gonzalez's offense, child solicitation, was already a criminal offense when his registration period was extended; (6) an alternative purpose— public protection from repeat sex crime offenders—may rationally be connected to the extended registration period; and (7) Gonzalez had no statutory right to seek review of the extension of his registration period, which resulted in the Court concluding that the extension was excessive in relation to the purpose of protecting the public from repeat sex crime offenders. Weighing the factors, the Court concluded that the extension of Gonzalez's reporting requirement was so punitive as to amount to a criminal penalty, and thus the lifetime reporting requirement violated Indiana's ex post facto clause.

Turning to Healey's circumstances, in Healey I this Court determined that the General Assembly did not act with punitive intent when it amended SORA, which resulted in extending Healey's sex offender registration requirements for ten years. 969 N.E.2d at 613. We agree with that conclusion here, as we did in Healey II.

4

Next, we turn to the seven factors set forth in Mendoza-Martinez. In Healey I, the Court determined: (1) the extension of Healey's registration period to ten years was not an affirmative disability or restraint; (2) the registration requirement is a sanction historically regarded as punishment; (3) the registration requirement only comes into play after a finding of scienter; (4) the extended registration requirement did not serve aims of retribution and deterrence; (5) Healey's offense, child molestation, was already a criminal offense; (6) an alternative purpose—protecting society from repeat sex crime offenders—is rationally connected to Healey's extended registration period; and (7) the extension of Healey's registration period was not excessive in relation to the purpose of protecting the public. Consequently, the Healey I court, relying heavily on Jensen v. State, 905 N.E.2d 384 (Ind. 2009), determined that the effects of the SORA amendment were not punitive as applied to Healey. 969 N.E.2d at 615-16.

As noted in Healey II, the author of this opinion favors the dissenting opinion in Jensen. 905 N.E.2d at 396-97 (Boehm, J., dissenting, joined by then-Justice Dickson). Setting that issue aside, we conclude that our Supreme Court's holding in Gonzalez requires us to reach a different result than in Healey I. In Gonzalez, the Court distinguished Gonzalez's situation from the appellant in Jensen, noting that Jensen had been adjudicated a sexually violent predator and had a statutory right to request review of that status. Gonzalez, 980 N.E.2d at 319. By contrast, Gonzalez had no right to judicial review of the extension of his reporting period to life, which weighed in favor of determining that the extension was excessive in relation to the purpose of public protection. Similarly, in the current case Healey was not permitted to seek review of the

5

extension of his reporting requirement to ten years.  Therefore, as in Gonzalez, the extension appears excessive in relation to the purpose of public protection.

We are mindful that our task in applying the Mendoza-Martinez factors is not simply to count the factors on each side, but to weigh them.  Gonzalez, 980 N.E.2d at 317.  Furthermore, our Supreme Court has "accorded special weight" to the seventh factor of whether a sanction appears excessive in relation to the alternative purpose assigned to it.  Flanders v. State, 955 N.E.2d 732, 751 (Ind. Ct. App. 2011), trans. denied.  Consequently, we conclude that the extension of Healey's reporting requirement for ten years is punitive in effect and is thus an ex post facto punishment.  See id. (determining that application of SVP reporting requirements to Flanders was an ex post facto punishment because, among other reasons, Flanders was not provided with an opportunity to contest application of the requirements).

For the reasons stated above, we grant Healey's Petition for Rehearing, reverse the judgment of the trial court, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

FRIEDLANDER, J., and BARNES, J., concur.

6