**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 02 2014, 8:50 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DAVID S. HEALEY**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID S. HEALEY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  33A01-1308-MI-368 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Mary G. Willis, Judge
Cause No. 33C01-1111-MI-61

**April 2, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, appellant-petitioner David S. Healey filed a petition to have his name removed from the Sex and Violent Offender Registry (the Registry). At the time Healey committed the offense, the Sex and Violent Offender Registration Act[1] (the Act) provided that Healey only had to register while he was on parole. Around the time Healey was convicted, the Act was amended, and sex offenders, like Healey, would have to register for ten years.

Healey's petition was denied, and he appealed to this Court. This Court concluded that forcing Healey to register for ten years was ex post facto punishment as applied to him and remanded to the trial court.[2] The trial court then entered an order detailing this Court's analysis, concluding that Healey no longer had to register, and ordering the Indiana Department of Correction (DOC) to ensure the removal of Healey's information from the Registry.

Healey now appeals, arguing that the trial court's order did not contain sufficient details. Finding no error, we affirm the judgment of the trial court.

FACTS

In August 1995, Healey pleaded guilty to class C felony child molesting for acts committed in September 1994. At that time, Healey was required to register as a sex offender for the length of his parole.

---

[1] Ind. Code § 11-8-8-1 et seq.

[2] Healey v. State, 986 N.E.2d 825, 827 (Ind. Ct. App. 2013).

In July 1995, the Act was amended to provide that sex offenders were required to register for ten years after the date that they were released from prison, placed on parole, or placed on probation. Ind. Code § 5-2-12-13 (1995) (recodified). Healey was released from parole on July 20, 2003.

On November 16, 2011, Healey filed a petition for removal from the Registry. The trial court held a hearing on January 20, 2012, and on February 1, 2012, the trial court denied Healey's petition. On February 13, 2012, Healey appealed, arguing that requiring him to register for ten years after he was released from parole was ex post facto punishment.

Initially, this Court affirmed the trial court, but on rehearing, we applied the intent-effects test and determined that the ten-year extension as applied to Healey was ex post facto punishment. Healey v. State, 986 N.E.2d 825, 827 (Ind. Ct. App. 2013). Consequently, we reversed the trial court and remanded for further proceedings consistent with the opinion. Id.

On remand, the trial court entered an order directing local law enforcement and the DOC to ensure that Healey's information was no longer published in the Registry. The trial court also observed that this Court had analyzed the ten-year extension of Healey's reporting requirements under the intents-effects test and concluded that it "is punitive in effect and is thus ex post facto punishment." Appellant's App. p. 8.

On June 10, 2013, Healey filed a motion to correct error, claiming that the order was not sufficiently specific in certain respects and too specific in others. The trial court

denied this motion on July 22, 2013, noting that if the order contained any statements that were inconsistent with the "Court of Appeals decision, the Petitioner's Motion is granted and they are hereby stricken." Id. at 10. Healey now appeals.

DISCUSSION AND DECISION

Healey essentially argues that the trial court's order was not sufficiently specific. More particularly, Healey contends that the order should have stated that it was the 1995 amendment that was ex post facto as applied to him and that the trial court should have specifically noted any extraneous statements that it made.

A motion to correct error is reviewed for an abuse of discretion. Volunteers of Am. v. Premier Auto Acceptance Corp., 755 N.E.2d 656, 658 (Ind. Ct. App. 2001). Upon review of a motion to correct error, this Court also considers the standard of review for the underlying ruling. Life v. F.C. Tucker Co., Inc., 948 N.E.2d 346, 349 (Ind. Ct. App. 2011). A trial court's ruling on a petition for removal from the Registry is reviewed for an abuse of discretion, which occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Lucas v. McDonald, 954 N.E.2d 996, 998 (Ind. Ct. App. 2011).

In this case, after the trial court denied Healey's petition the first time and it was appealed to this Court, we concluded that the 1995 amendment was ex post facto punishment as applied to Healey and remanded back to the trial court. Healey, 986 N.E.2d at 827. The trial court then ordered that Healey was no longer required to register as a sex offender, ordered that his information no longer be published on the Registry,

4

and noted this Court's conclusion that making Healey register for ten years was ex post facto punishment. Appellant's App. p. 8-9. The trial court carried out what was required of it consistent with this Court's opinion in Healey v. State, 986 N.E.2d 825 (2013), which was the law of the case. No error was committed.

The judgment of the trial court is affirmed.

RILEY, J., and CRONE, J., concur.