## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 24 2015, 10:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

John Emry
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Graham T. Youngs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth Eugene Million, *Appellant-Petitioner,* | July 24, 2015 |
| v. | Court of Appeals Case No. 41A05-1411-MI-530 |
| | Appeal from the Johnson Superior Court; |
| Sheriff of Johnson County, Indiana; Indiana Department of Correction; Indiana State Police; and State of Indiana, *Appellees-Respondents.* | The Honorable K. Mark Loyd, Judge; The Honorable Richard Tandy, Magistrate; 41D03-1404-MI-73 |

**May, Judge.**

[1] Keith Eugene Million appeals the denial of his request to be released from the requirement that he register as a sex offender in Indiana. We reverse.

## Facts and Procedural History

[2] On January 1, 1989, Million pled guilty in Florida to lewd and lascivious conduct with a minor under the age of fourteen. On June 15, 1990, he was sentenced to four years and six months imprisonment. He served fourteen months incarcerated and was released to parole for six years.

[3] On September 14, 2004, Million moved to Indiana. On April 7, 2005, he registered with the Johnson County Sheriff's Office as a sex offender. On April 22, 2014, Million filed a "Verified Petition to Be Released From Sex Offender Registration Requirement," (App. at 6), asking for relief from the burden of registering as a sex offender in Indiana. He filed an amended petition on May 19, and the trial court held a hearing June 26.

[4] On August 7, 2014, the trial court denied Million's petition. Million filed a motion to correct error, which the trial court denied.

## Discussion and Decision

[5] Million requested relief under Ind. Code § 11-8-8-22, which allows a sex offender to petition the court to remove the requirement that he register as a sex offender. We review the trial court's denial for an abuse of discretion. *Lucas v. McDonald*, 954 N.E.2d 996, 998 (Ind. Ct. App. 2011). An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and

circumstances supporting the petition for relief. *Id.* The burden is on the movant to demonstrate that relief is necessary and just. *Id.*

[6] Million argues the trial court abused its discretion when it denied his petition for relief because the Indiana Sex Offender Registry Act (INSORA) as applied to him violates the *ex post facto* prohibition of the Indiana constitution.[1] When the constitutionality of a statute is challenged, we begin with the presumption the statute is constitutional. *Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007). The party challenging the constitutionality of a statute has the heavy burden of rebutting that presumption. *Id.* All reasonable doubt must be resolved in favor of the statute's constitutionality. *State v. Lombardo*, 738 N.E.2d 653, 655 (Ind. 2000).

[7] The Indiana Constitution provides "[n]o *ex post facto* law . . . shall ever be passed." Ind. Const. art. 1, § 24.[2] "The *ex post facto* clause forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Hevner v. State*, 919 N.E.2d 109, 111 (Ind.

---

[1] Million filed a Motion to Correct Error, but he does not argue the trial court erred when it denied it. We review the denial of a motion to correct error for abuse of discretion, and to determine whether the court erred, we consider the propriety of the court's decision on the underlying order, here the denial of his petition for relief. *See In re Paternity of H.H.*, 879 N.E.2d 1175, 1177 (Ind. Ct. App. 2008) (review of motion to correct error includes review of underlying order).

[2] Million does not challenge INSORA under the United States Constitution; nevertheless, our Indiana Supreme Court noted an *ex post facto* claim under the Indiana Constitution should be evaluated using "the same analytical framework the Supreme Court [of the United States] employed to evaluate *ex post facto* claims under the federal constitution." *Hevner*, 919 N.E.2d 109, 111 (Ind. 2010).

2010) (quoting *Weaver v. Graham*, 450 U.S. 24, 28 (1981)). "The underlying purpose of the *Ex Post Facto* Clause is to give effect to the fundamental principle that persons have the right to fair warning of that conduct which will give rise to criminal penalties." *Id.*

[8] In 1994, Indiana enacted INSORA, codified in Indiana Code chapter 11-8-8, which requires certain sex offenders to register specified information with the State. Two parts of INSORA require Indiana residents who committed sexual offenses outside of Indiana to register as sex offenders in Indiana. First, in 2001, Indiana extended INSORA to require those convicted in another jurisdiction of a crime "substantially similar"[3] to a sex crime in Indiana to register in Indiana as well. Ind. Code § 5-2-12-4 (2001).[4] Second, under Ind. Code § 11-8-8-19(f), a person who is "required to register as a sex or violent offender in any jurisdiction" is required to register as a sex offender in Indiana for the time required by the other jurisdiction or the time required by INSORA, "whichever is longer." *Id.*

### *"Substantially Similar" Clause*

[9] Million argues he should not have to register under the "substantially similar" clause because the facts in his case are like those in *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), *reh'g denied*. Wallace was charged with and convicted of Class

---

[3] Million does not argue the crime of which he was convicted in Florida is not "substantially similar" to a crime in Indiana for which one would be required to register under INSORA.

[4] This section is now codified as Ind. Code §§ 11-8-8-4.5(a)(22) and 11-8-8-5(A)(22).

C felony child molesting in Indiana in 1989. Wallace completed his sentence, including probation, in 1992, before INSORA went into effect. In 2001, Indiana amended INSORA to require certain sex offenders to register regardless of their conviction date. In 2003, Wallace's ex-wife reported to police that he had not properly registered as a sex offender, and he was arrested for Class D felony failing to register as a sex offender.

[10] Wallace filed a motion to dismiss the charge against him, which was denied. We accepted the issue on interlocutory appeal. Our Indiana Supreme Court held INSORA violated *ex post facto* laws as applied to Wallace because he "was charged, convicted, and served the sentence for his crime before the statutes . . . were enacted." *Id*. at 384. Even though Wallace was convicted of a sex offense in Indiana, our court has extended the holding in *Wallace* to defendants who committed sex offenses in other states and then relocated to Indiana in cases such as *Burton v. State*, 977 N.E.2d 1004 (Ind. Ct. App. 2012), and *State v. Hough*, 978 N.E.2d 505 (Ind. Ct. App. 2012), *trans. denied*.

[11] In *Burton*, we held Burton, who was convicted of a sex offense in Illinois in 1987, was not required to register as a sex offender in Indiana after he moved here around 2009 because "it is the date of the commission of the crime and the law in place at the time that is relevant to the *ex post facto* analysis." 977 N.E.2d at 1009. In *Hough*, we held Hough, who had been convicted of a sex offense in Pennsylvania in 1993, could not be required to register as a sex offender in Indiana despite the fact Hough might have been required to register as a sex offender in Pennsylvania had he remained in that state "[b]ecause he was

convicted of a sex offense before Indiana enacted INSORA." 978 N.E.2d at 510.

[12] The same is true in the instant case: Million committed his crime in 1989, before Indiana enacted INSORA in 1994. Therefore, like in *Burton* and *Hough*, the imposition of a requirement that he register as a sex offender in Indiana violates our constitutional prohibitions against ex post facto laws.

### *Required to Register in Another Jurisdiction*

[13] Under Ind. Code § 11-8-8-19(f), an Indiana resident who is "required to register as a sex or violent offender in any jurisdiction" is required to register as a sex offender in Indiana for the time required by the other jurisdiction or the time required by INSORA, "whichever is longer." *Id*. Million was not required to register as a sex offender in Florida. Therefore, he is not required to register as a sex offender in Indiana under Ind. Code § 11-8-8-19(f). *See Andrews v. State*, 978 N.E.2d 494 (Ind. Ct. App. 2012) (Andrews, who was convicted of multiple sex offenses in Massachusetts in 1984, was not required to register as a sex offender after moving to Indiana because he was not required to register as a sex offender under Massachusetts law).[5]

---

[5] The State relies on our recent holding in *Tyson v. State*, 28 N.E.3d 1074 (Ind. Ct. App. 2015), *reh'g denied*, however, Tyson is easily distinguishable. Tyson committed a sexual offense in Texas in 2002. Under Texas law, Tyson was required to register as a sex offender until 2014. When Tyson moved to Indiana in 2009, he did not register as a sex offender and was charged with Class D felony failure to register. Tyson moved to dismiss, and we affirmed based on the plain language of Ind. Code § 11-8-8-19(f). As Million had no requirement to register in Florida, *Tyson* is inapposite.

# Conclusion

The trial court abused its discretion when it denied Million's request to be relieved of the burden of registering as a sex offender in Indiana. Accordingly, we reverse.

Reversed.

Robb, J., and Mathias, J., concur.