

FILED

Dec 21 2016, 6:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey E. Stratman
Aurora, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael D. Cundiff,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | December 21, 2016<br><br>Court of Appeals Case No.<br>15A05-1508-MI-1214<br><br>Appeal from the Dearborn Superior<br>Court.<br>The Honorable James D. Humphrey,<br>Special Judge.<br>Cause No. 15D01-1407-MI-62 |

**Shepard, Senior Judge**

[1]     Appellant Michael D. Cundiff appeals the denial of his petition for relief from his lifetime sex offender registration requirement. We conclude that Cundiff is required to register, but that residence restrictions enacted after his conviction do not apply to him.

# Facts and Procedural History

[2] Cundiff was charged in October 2003 with child exploitation by possession of child pornography, a Class D felony,[1] and child exploitation by dissemination or exhibition of child pornography, a Class C felony.[2] In March 2004, pursuant to a plea agreement, Cundiff pleaded guilty to the Class C charge, and the State dismissed the D felony. In accordance with the plea agreement, the court sentenced Cundiff in May 2004 to eight years, with six years suspended to probation.

[3] On October 21, 2004, Cundiff was released from incarceration. In August 2005, the State petitioned to revoke Cundiff's probation alleging he had possessed pornographic material. Cundiff admitted the violation, and the court extended his probation for one year, to October 21, 2011.

[4] In February 2009, Cundiff petitioned to be reclassified from lifetime sex offender registration to ten-year registration. Following two hearings, Cundiff's petition was denied in September 2009. Cundiff did not appeal.

[5] Subsequently, Cundiff again sought relief from application of the Indiana Sex Offender Registration Act (SORA) in July 2014 under a new cause number, initiating the present case. In September 2014, the trial judge recused, and the

---

[1] Ind. Code § 35-42-4-4(c)(1) (2002).

[2] Ind. Code § 35-42-4-4(b)(2).

clerk appointed a special judge. Cundiff moved to vacate that appointment, but his motion was denied. Following a hearing, the court granted Cundiff's petition for relief in January 2015.

In July 2015, the court granted the State's motion to correct error and denied Cundiff's petition. This appeal ensued.

# Issues

Cundiff presents two issues:

> I. A threshold question: whether the court erred by denying his request to vacate the appointment of the special judge.
>
> II. Whether the court erred by denying his petition for relief from SORA.

# Discussion and Decision

## I. Appointment of Special Judge

To initiate this case, Cundiff filed a petition pursuant to Indiana Code section 11-8-8-22 (2013) in the Dearborn Superior Court. Judge Cleary of that court recused due to his participation as a deputy prosecutor in Cundiff's prior case and directed appointment of a special judge pursuant to Indiana Criminal Rule 12(B) and Local Rule 15-AR 7D. The Clerk then appointed Judge Humphrey of the Dearborn Circuit Court.

Judge Humphrey set Cundiff's petition for hearing on October 31, 2014. Prior to the start of the hearing, Cundiff objected to Judge Humphrey's appointment because it was based upon state and local rules of criminal procedure rather

than the rules of civil procedure. Judge Humphrey took the objection under advisement and later denied Cundiff's request. On appeal, Cundiff claims the trial court erred in following the special judge selection process as set forth in the rules of criminal procedure.

[10] Cundiff's burden as the appellant is to demonstrate that the probable impact of the trial court's alleged error in appointing a special judge affected his substantial rights. *See* Ind. Appellate Rule 66(A). Cundiff has not met this burden, for he failed to allege any deprivation of a substantial right. Indiana Code section 11-8-8-22(d) authorizes filing a petition in the circuit or superior court of the county in which the offender resides. Dearborn County's Local Rule 15-AR 8A, which Cundiff cites in his brief, makes the judge of the Dearborn Circuit Court eligible for appointment as special judge in civil actions, just as he is in criminal actions. Thus, we conclude that error, if any, was harmless.

## II. SORA Petition

[11] We thus turn to Cundiff's claim that the trial court wrongly denied his petition for relief from his lifetime sex offender registration requirement.

[12] We review the trial court's decision for an abuse of discretion. *See* Ind. Code § 11-8-8-22(g); *Lucas v. McDonald*, 954 N.E.2d 996 (Ind. Ct. App. 2011) (trial court's denial of petition for relief under Indiana Code section 11-8-8-22 is reviewed for abuse of discretion). An abuse of discretion occurs when the trial

court's decision is clearly against the logic and effect of the facts and inferences supporting the petition for relief. *Lucas*, 954 N.E.2d 996.

[13] Cundiff first argues that he "was not required to register for life until after Ind. Code §11-8-[8]-19(c) was enacted" in 2006 and that, pursuant to our Supreme Court's decision in *Gonzalez v. State*, 980 N.E.2d 312 (Ind. 2013),[3] this retroactive imposition of a lifetime registration period violates both the federal and the state prohibitions against ex post facto laws. Appellant's Br. p. 13.

[14] Effective January 1, 2003, a defendant eighteen years or older who is convicted of child exploitation of a child less than twelve years old is required to register as a sex offender for life.[4] The statute requiring registration for life for Cundiff's offense was first enacted in 2001.[5]

[15] In 2003, Cundiff committed and was charged with two counts of child exploitation, and, in 2004, he pleaded to one count of child exploitation under the code as applicable in 2003. There is no dispute that Cundiff was twenty-one

---

[3] *Gonzalez* presents a different set of facts than those existing in this case. During the ten-year period of Gonzalez's required registration as a sex offender after he had fully served his sentence and probation, the statutory registration requirement was amended to require lifetime registration for certain circumstances, including those of Gonzalez. Our Supreme Court determined that, as to Gonzalez, the Ex Post Facto Clause of the Indiana Constitution prohibited retroactive application of the lifetime registration requirement of SORA.

[4] *See* P.L. 116-2002, §§ 16, 8; Ind. Code §§ 5-2-12-13(c), -4(a)(4) (2003), *now codified at* Ind. Code §§ 11-8-8-19(c) (2015), -5(a)(4) (2016).

[5] *See* P.L. 238-2001, §§ 13, 4; Ind. Code §§ 5-2-12-13(c), -4(a)(4) (2001).

years old at the time of this crime and that his victims were less than twelve years old. Therefore, from the time Cundiff committed his offense to the present time, he has been required to register for life under SORA. There is no violation of the prohibition against ex post facto laws.

[16] Moreover, pursuant to Indiana Code section 11-8-8-22(b) and (c), an offender may petition the court for less restrictive sex offender registration conditions if, *due to a change in law after June 30, 2007*, an individual engaging in the same conduct would not be required to register or would be required to register but under less restrictive conditions than the offender is required to meet. There has been no change in the law to allow for less restrictive registration conditions for an offender in Cundiff's circumstances. As demonstrated above, from the time he committed this offense to the present, Cundiff has been required to register for life. We find no error with the trial court's decision.

[17] Cundiff next claims that the provisions of Indiana Code section 35-42-4-11, specifically its residency restrictions, do not apply to him. Following Cundiff's conviction in 2004, the legislature added Indiana Code section 35-42-4-11 as a new section to the Code. *See* P.L. 6-2006, §8. Section 11 defines an "offender against children," in part, as a person required to register as a sex offender and who has been convicted of child exploitation and makes it a crime for such an offender to reside within 1,000 feet of a school, a youth program center, or a public park, or establish a residence within one mile of the residence of the victim. Section 10 of Public Law 6-2006 is a non-code provision stating that Indiana Code section 35-42-4-11 applies "only to crimes committed after June

30, 2006." Cundiff committed child exploitation in 2003. Accordingly, the Section 11 residency restrictions do not apply to Cundiff. *See Bleeke v. State*, 982 N.E.2d 1040 (Ind. Ct. App. 2013) (holding that residence restriction provision of Ind. Code § 35-42-4-11 did not apply to Bleeke, who committed sexual deviate conduct in 2002). On transfer, our Supreme Court summarily affirmed the portion of this Court's opinion addressing Section 11. *See Bleeke v. Lemmon*, 6 N.E.3d 907 (Ind. 2014).

[18] A decision of this Court that involved a pre-2006 conviction for exploitation and a post-2006 conviction for residing within the prohibited zone held that the new conviction did not violate the Ex Post Facto Clause. *Sewell v. State*, 973 N.E.2d 96 (Ind. Ct. App. 2012). The appellant in *Sewell* apparently did not ask the panel to consider whether Section 11 actually applied to him as a matter of statutory construction. Cundiff does present that statutory question, and we think he and the *Bleeke* court are correct about it. Accordingly, we reverse the trial court on this issue.

# Conclusion

[19] The trial court did not err in denying Cundiff's request to vacate the appointment of the special judge. However, the trial court did err by determining that the residency restrictions of Indiana Code section 35-42-4-11 apply to Cundiff. Therefore, we remand this case to the trial court to issue an order so recognizing.

[20] Affirmed in part, reversed and remanded in part with instructions.

Vaidik, C.J., and Pyle, J., concur.